## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (Agreement) is entered into between Plaintiffs, Roxanne King and Brian King, as natural guardians of S.K., on behalf of S.K., a minor, individually, or collectively ("Plaintiffs"), and Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc., including its past, present, and future superintendents, managers, employees, officers, directors, agents, insurers, attorneys, and representatives ("Aspire")(collectively Defendant and Plaintiffs shall be referred to as "the Parties").

WHEREAS, Plaintiffs have alleged claims for physical injuries and damages resulting from an incident on March 30-31, 2017, in Orange County, Florida, and have filed the lawsuit captioned S.K., a minor, by and through her parents, and natural guardians, Roxanne King and Brian King vs. School Board of Orange County, Florida; John W. Mina, In His Official Capacity As Sheriff of Orange County, Florida; and Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc., Defendants, Case Number 6:20-cv-2167-Orl-37LRH, in the United States District Court, Middle District of Florida, Orlando Division; and

WHEREAS, Plaintiffs allege that the School Board was negligent in notifying Orange County Sheriff of S.K.'s behavioral issues and otherwise advising as to Orange County Sheriff's ability to Baker Act the minor;

WHEREAS, Plaintiffs allege the Sheriff violated S.K.'s constitutional rights to be free from unreasonable seizure; and

WHEREAS, Plaintiffs allege Aspire unlawfully detained S.K. and failed to timely evaluate S.K. for mental health issues;

WHEREAS, the Parties desire to settle all claims that Plaintiffs have, has, and could have brought against Defendant as defined herein;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Non-Admission of Liability.** This Agreement is not an admission of liability. Aspire denies and continues to deny any liability regarding Plaintiffs' allegations of wrongdoing and enter into this Agreement and Release in the interest of Aspire and to avoid the further legal expenses and costs, and to otherwise avoid the vexations of disputed claims and litigation. Plaintiffs understand and agree that this Agreement is made in compromise of disputed claims and that payments made pursuant to this Agreement are not to be construed as an admission of liability on the part of the Releasees, or any employee.

2. **Payment by Aspire.** Aspire or its agent will issue a payment in the total amount of Forty Thousand and 00/100 Dollars ($40,000.00) to "The Orlando Law Group, PL Trust Account", TIN 27-0528384, in full and final settlement of all matters alleged by Plaintiffs against Aspire, including damages, attorneys' fees, costs, and discretionary costs. Payment will be made within

**EXHIBIT B**

Thirty (30) days of Plaintiffs' execution of this Release and Court approval.

3. **Court Approval of Settlement for Minor Child.** Plaintiffs take full responsibility for drafting and filing the necessary papers to obtain court approval of this settlement agreement for benefit of S.K., a minor. Plaintiffs or their counsel will provide counsel for Defendant with a true and correct copy of any order approving settlement.

4. **Release of Claims.** Plaintiffs, their respective heirs, assigns, and executors, hereby release the Releasees, its past, present, and future elected officials, superintendents, managers, employees, officers, directors, agents, insurers, attorneys, representatives, and related entities ("Released Parties") of and from any and all actions, causes of action, claims, demands, damages, compensation, benefits, attorneys' fees, costs, and expenses, and all other damages, known and unknown, and all incidental or consequential damages on account of, related to, or arising from the injuries sustained by S.K. on March 30-31, 2017. This release of claims specifically includes, but is not limited to, all matters alleged, or which could have been alleged, by Plaintiffs for claims for injuries and damages resulting from the incident on March 30-31, 2017, in Orange County; and all claims referenced against Aspire in <u>S.K., a minor, by and through her parents, and natural guardians, Roxanne King and Brian King vs. School Board of Orange County, Florida; John W. Mina, In His Official Capacity As Sheriff of Orange County, Florida; and Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc.</u> Case Number 6:20-cv-2167-Orl-37LRH, in the United States District Court, Middle District of Florida, Orlando Division.

5. **Apportionment of Settlement Proceeds.** All settlement proceeds shall be apportioned to and for the benefit of S.K., a minor child. Roxanne King and Brian King hereby agree that all settlement proceeds shall be used for the support, education, service, maintenance, therapy, recreation or medical needs, including, but not limited to a) clothing, supplies and transportation for education; b) cost incurred for mental health, including, but not limited to, medical providers, psychiatric providers or therapy; c) future educational needs; and d) necessities, including, but not limited to, full or part-time care and support, assistive technology for Autism, costs incurred for socialization; costs associated for special needs legal advice, tuition, independent living skills, and reimbursement for medical treatment relating to this litigation totaling $717.62. Brian King, individually, and Roxanne King, individually, hereby acknowledge and agree that the settlement sums referenced herein constitute recoupment of damages suffered by S.K. alone and at no time during this litigation has Brian King or Roxanne King sought damages individually.

6. **Delivery of Dismissal with Prejudice.** Concurrent with the execution of this General Release, delivery of settlement funds as outlined in Paragraph 2; and approval from the Court, Plaintiffs will dismiss with prejudice the lawsuit <u>S.K., a minor, by and through her parents, and natural guardians, Roxanne King and Brian King vs. School Board of Orange County, Florida; John W. Mina, In His Official Capacity As Sheriff of Orange County, Florida; and Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc.</u> Case Number 6:20-cv-2167-Orl-37LRH as to Aspire within ten (10) days.

7. **Covenant Not to Sue.** Upon execution of this Agreement, Plaintiffs, their heirs, assigns, and executors hereby covenant not to sue or otherwise initiate against Aspire or any other Released Party any legal or administrative proceedings, claims, or causes of action whether known

or unknown arising out of or in any way connected to the facts or circumstances regarding alleged injuries and damages resulting from the incident on March 30-31, 2017, in Orange County. This Agreement may be introduced as evidence at any legal proceeding as a complete defense to any claims existing as of the date of this Agreement ever asserted by Plaintiffs, their heirs, assigns, and executors against Aspire or any other Released Party.

8. **Confidentiality.** As an integral and material term of this Release, and in consideration of the above referenced payment, the Parties agree that they will not, unless required to do so by law, disclose or make known or available to any third person, entity, or organization, the terms of this Release or settlement, including the amount paid hereunder. The Parties hereby covenant and agree to keep the financial terms and conditions of this Agreement strictly confidential, except that the Parties agree to submit a copy of the executed Agreement to the Court if ordered and will move the Court to do so under seal. Accordingly, unless otherwise required by law, the Parties shall not disclose, divulge, reveal, disseminate, publish, or otherwise release in any way such information for any purpose whatsoever, except as communicated in confidence to their financial advisors for income tax and accounting purposes. Upon inquiry, the Parties agree to limit themselves to the following or to similar effect: "The matter has been resolved."

9. **Indemnity and Hold Harmless Agreement.** It is further agreed and understood that Plaintiffs and S.K., a minor, will protect, indemnify and save harmless Aspire and their attorneys from any claims or liens arising from medical and mental health benefits provided to or on behalf of Plaintiffs that are arising out of or in any way connected to the facts or circumstances giving rise to the execution of this Agreement. Such indemnified claims/liens include, but are not limited to, the Federal government, Medicare, Medicaid, insurance companies and healthcare providers. The undersigned Plaintiffs hereby instruct their attorneys to retain sufficient proceeds in the attorneys' trust account to fully satisfy all such liens referred to above pending compromise and settlement of such claims. The undersigned Plaintiffs acknowledge that all such claims or liens will be satisfied by their attorneys before any final disbursement of settlement proceeds can be made. Any dispute relating to the distribution of payment by Plaintiffs' attorneys or law firm shall not serve as a basis for invalidating this Agreement.

10. **Acknowledgements.** Plaintiffs acknowledge:

a) Plaintiffs have been and are represented by legal counsel and each has had full opportunity and sufficient time to discuss the terms of this Agreement with legal counsel;

b) Plaintiffs expressly represent and warrant that they each are in full command of their physical and mental faculties, that they are not under the influence of alcohol or any drug or other mind-altering substance, and that except for the terms of this Settlement Agreement and Release they have not been offered any inducement and are not under any duress to execute this Agreement.

c) This Agreement is written in a manner calculated to be understood by Plaintiffs and Plaintiffs have read and fully understand the terms of this Agreement;

   d) Plaintiffs each expressly warrant and represent that payment of the above mentioned sum, in amounts as dictated and approved by a court of law, is in full and final compromise, release, settlement and full satisfaction of all the aforesaid actions, claims and demands whatsoever;

   e) Plaintiffs each expressly warrant and represent that they were and are fully informed of the contents of this document, and that they each are signing this Agreement with full knowledge of its meaning.

   f) Plaintiffs execution of this Agreement is knowing and voluntary, made without coercion or distress, without relying on any representation by any other person in making the decision to execute this Agreement, and that they has had a reasonable time to consider the Agreement; and

   g) Plaintiffs intends to be legally bound by this Agreement.

 11. **Authority to Execute.** Plaintiffs, Roxanne King and Brian King, on behalf of S.K., a minor, each acknowledge that they serve as the parent and legal guardian of S.K., a Minor, and that they, individually or jointly, and no other persons, may lawfully enter into this Agreement on S.K.'s behalf and to resolve the alleged claims. The Parties represent and warrant that no person other than the signatories hereto had or has any financial interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

 12. **Governing Law and Attorneys' Fees.** This Agreement shall be subject to and interpreted under the laws of the State of Florida. The Parties further agree that venue for any legal action regarding this Agreement shall lie solely in Circuit Court in Orange County, Florida. In the event that any party commences an action for damages, injunctive relief, or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of their reasonable attorneys' fees and all costs from the non-prevailing party, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

 13. **Severability.** If any provision of this Agreement is determined to be invalid, illegal, or unenforceable in any respect, such provision shall be enforced to the maximum extent possible given the intent of the Parties as expressed in this Agreement. If such clause or provision cannot be so enforced, such provision shall be stricken from this Agreement, and the remainder of this Agreement shall be enforced as if such invalid, illegal, or unenforceable clause or provision had, to the extent not enforceable, never been contained in this Agreement.

 14. **Neutral Interpretation.** Any controversy over the construction of this Agreement shall be decided neutrally and without regard to events of authorship or negotiation.

 15. **Final Settlement.** This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or

inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by authorized representative of the Parties.

16. **Complete Agreement.** The Parties acknowledge that in deciding to execute this Agreement and then in executing this Agreement, they have not relied upon any agreement, statement or representation that is not specifically set forth herein, that this Agreement contains the entire agreement between the Parties hereto regarding the resolution of the claims addressed herein, and that the terms of the Agreement are contractual and not mere recitals.

17. **Counterparts.** This Agreement may be executed in multiple counterparts or copies, each of which shall constitute an original, and all of which shall constitute one single Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the undersigned hereby sets her hand and seal this 10th day of February, 2022.

_____
Roxanne King, on behalf of S.K., a minor

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of ✓ physical presence or ___ online notarization, by Roxanne King who is <u>personally known to me</u> or who produced _____ as identification, this 10th day of February, 2022.

DEBORAH J MINERVA
Commission # GG 228676
Expires August 6, 2022
Bonded Thru Budget Notary Services

NOTARY PUBLIC
My Commission Expires: _____

**IN WITNESS WHEREOF,** the undersigned hereby sets his hand and seal this 10th day of February, 2022.

_____
Brian King on behalf of S.K., a minor

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of ✓ physical presence or ___ online notarization, by Brian King who is <u>personally known to me</u> or who produced _____ as identification, this 10th day of February, 2022.

DEBORAH J MINERVA
Commission # GG 228676
Expires August 6, 2022
Bonded Thru Budget Notary Services

NOTARY PUBLIC
My Commission Expires: _____

**IN WITNESS WHEREOF,** the undersigned hereby sets his or her hand and seal this _____ day of February, 2022.

_____
(Signature)
For Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc.

_____
(Printed Name)

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of \_\_\_ physical presence or \_\_\_ online notarization, by _____ who is personally known to me or who produced _____ as identification, this \_\_\_\_\_ day of February, 2022.

_____
NOTARY PUBLIC
My Commission Expires:_____

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (Agreement) is entered into between Plaintiffs, Roxanne King and Brian King, as natural guardians of S.K., on behalf of S.K., a minor, individually, or collectively ("Plaintiffs"), and The School Board of Orange County, Florida, and Robert Cline, John W. Mina, in his official capacity as Sheriff of Orange County, Florida, including its past, present, and future elected officials, superintendents, managers, employees, agents, insurers, attorneys, and representatives (collectively the School Board of Orange County and Robert Cline and John W. Mina in his official capacity as Sheriff of Orange County, Florida ("Sheriff") shall be referred to as "Releasees"), (collectively Defendants and Releasees shall be referred to as "the Parties").

WHEREAS, Plaintiffs have alleged claims for physical injuries and damages resulting from an incident on March 30, 2017, in Orange County, Florida, and have filed the lawsuit captioned S.K., a minor, by and through her parents, and natural guardians, Roxanne King and Brian King vs. School Board of Orange County, Florida; John W. Mina, In His Official Capacity As Sheriff of Orange County, Florida; and Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc., Defendants, Case Number 6:20-cv-2167-Orl-37LRH, in the United States District Court, Middle District of Florida, Orlando Division; and

WHEREAS, the Plaintiffs allege that the School Board was negligent and/or violated Federal law in advising Orange County Sheriff of S.K.'s behavioral issues and otherwise advising Plaintiffs as to Orange County Sheriff's ability to Baker Act the minor;

WHEREAS, the Plaintiffs allege the Sheriff and Robert Cline violated S.K.'s constitutional rights and state law on March 30, 2017; and

WHEREAS, the Parties desire to settle all claims that Plaintiffs have, has, and could have brought against Releasees or other Released Parties as defined herein;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Non-Admission of Liability.** This Agreement is not an admission of liability. Releasees deny and continue to deny any liability regarding Plaintiffs' allegations of wrongdoing and enter into this Agreement and Release in the interest of the Releasees and to avoid the further legal expenses and costs, and to otherwise avoid the vexations of disputed claims and litigation. Plaintiffs understand and agree that this Agreement is made in compromise of disputed claims and that payments made pursuant to this Agreement are not to be construed as an admission of liability on the part of the Releasees, any employee, or any other Released Party.

2. **Payment by the School Board and Sheriff.** Plaintiffs acknowledge and understand that this Agreement is contingent upon Court approval. Upon approval, the School Board or its agent will issue a payment in the total amount of Fifteen Thousand and 00/100 Dollars ($15,000.00) to "The Orlando Law Group, PL Trust Account", TIN 27-0528384, in full and final

settlement of all matters alleged by Plaintiffs against School Board, including damages, attorneys' fees, costs, and discretionary costs. Payment will be made within twenty-one (21) days of court approval of this Settlement. Upon Court approval, the Sheriff and Robert Cline will issue a payment in the total amount of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) to "The Orlando Law Group, PL Trust Account", TIN 27-0528384, in full and final settlement of all matters alleged by Plaintiffs against Sheriff and Robert Cline, including damages, attorneys' fees, costs, and discretionary costs. Payment will be made within twenty-one (21) days of court approval of this Settlement.

3. **Court Approval of Settlement for Minor Child.** Plaintiffs take full responsibility for drafting and filing the necessary papers to obtain court approval of this settlement agreement for benefit of S.K., a minor. Plaintiffs or their counsel will provide counsel for Defendant with a true and correct copy of any order approving settlement.

4. **Release of Claims.** Plaintiffs, their respective heirs, assigns, and executors, hereby release the Releasees, its past, present, and future elected officials, superintendents, managers, employees, agents, insurers, attorneys, representatives, and related entities ("Released Parties") of and from any and all actions, causes of action, claims, demands, damages, compensation, benefits, attorneys' fees, costs, and expenses, and all other damages, known and unknown, and all incidental or consequential damages on account of, related to, or arising from the injuries sustained by S.K. on March 30, 2017. This release of claims specifically includes, but is not limited to, all matters alleged, or which could have been alleged, by Plaintiffs for claims for injuries and damages resulting from the incident on March 30, 2017, in Orange County; and all claims referenced against the School Board, the Sheriff and Robert Cline in <u>S.K., a minor, by and through her parents, and natural guardians, Roxanne King and Brian King vs. School Board of Orange County, Florida; John W. Mina, In His Official Capacity As Sheriff of Orange County, Florida; and Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc.</u> Case Number 6:20-cv-2167-Orl-37LRH, in the United States District Court, Middle District of Florida, Orlando Division. This also includes but is not limited to any and all individual claims that ROXANNE J. KING and/or BRIAN KING have or claim to have against the School Board of Orange County, Florida; the Sheriff or Robert Cline, their heirs, personal representatives, employees, agents, successors and assigns and any and all claims S.K. has or claims to have against the School Board of Orange County, Florida; the Sheriff or Robert Cline, their heirs, personal representatives, employees, agents, successors and assigns.

5. **Apportionment of Settlement Proceeds**. All settlement proceeds shall be apportioned to and for the benefit of S.K., a minor child. Roxanne King and Brian King hereby agree that all settlement proceeds shall be used for the support, education, service, maintenance, therapy, recreation or medical needs, including, but not limited to a) clothing, supplies and transportation for education; b) cost incurred for mental health, including, but not limited to, medical providers, psychiatric providers or therapy; c) future educational needs; and d) necessities, including, but not limited to, full or part-time care and support, assistive technology for Autism, costs incurred for socialization; costs associated for special needs legal advice, tuition, independent living skills, and reimbursement for medical treatment relating to this litigation totaling $717.62. Brian King, individually, and Roxanne King, individually, hereby acknowledge and agree that the settlement sums referenced herein constitute recoupment of damages suffered by S.K. alone and

at no time during this litigation has Brian King or Roxanne King sought damages individually.

6. **Delivery of Dismissal with Prejudice.** Concurrent with the execution of this General Release, delivery of settlement funds as outlined in Paragraph 2; and approval from the Court, Plaintiffs will dismiss with prejudice the lawsuit S.K., a minor, by and through her parents, and natural guardians, Roxanne King and Brian King vs. School Board of Orange County, Florida; John W. Mina, In His Official Capacity As Sheriff of Orange County, Florida; and Aspire Health Partners, Inc. f/k/a Lakeside Behavioral Healthcare, Inc. Case Number 6:20-cv-2167-Orl-37LRH as to School Board, the Sheriff and Robert Cline within ten (10) days.

7. **Covenant Not to Sue.** Upon execution of this Agreement, Plaintiffs, their heirs, assigns, and executors hereby covenant not to sue or otherwise initiate against the School Board, the Sheriff, Robert Cline or any other Released Party any legal or administrative proceedings, claims, or causes of action whether known or unknown arising out of or in any way connected to the facts or circumstances regarding alleged injuries and damages resulting from the incident on March 30, 2017, in Orange County. This Agreement may be introduced as evidence at any legal proceeding as a complete defense to any claims existing as of the date of this Agreement ever asserted by Plaintiffs, their heirs, assigns, and executors against the School Board and/or Sheriff or any other Released Party.

8. **Confidentiality.** The Parties acknowledge that the School Board is subject to the Florida Government in the Sunshine Law, Chapter 286, *Fla. Stat.*, and the Florida Public Records Law, Chapter 119, *Fla. Stat.* Nothing in this Agreement shall be construed to prevent or restrict the School Board from complying with its obligations under state or federal law, including but not limited to the Florida Government in the Sunshine Law, the Florida Public Records Law, or state or federal Family Educational Rights and Privacy law, in any way.

9. **Indemnity and Hold Harmless Agreement.** It is further agreed and understood that Plaintiffs and S.K., a minor, will protect, indemnify and save harmless the School Board, the Sheriff, Robert Cline and their attorneys from any claims or liens arising from medical and mental health benefits provided to or on behalf of Plaintiffs that are arising out of or in any way connected to the facts or circumstances giving rise to the execution of this Agreement. Such indemnified claims/liens include, but are not limited to, the Federal government, Medicare, Medicaid, insurance companies and healthcare providers. The undersigned Plaintiffs hereby instruct their attorneys to retain sufficient proceeds in the attorneys' trust account to fully satisfy all such liens referred to above pending compromise and settlement of such claims. The undersigned Plaintiffs acknowledge that all such claims or liens will be satisfied by their attorneys before any final disbursement of settlement proceeds can be made. Any dispute relating to the distribution of payment by Plaintiffs' attorneys or law firm shall not serve as a basis for invalidating this Agreement.

10. **Acknowledgements.** Plaintiffs acknowledge:

a) Plaintiffs have been and are represented by legal counsel and each has had full opportunity and sufficient time to discuss the terms of this Agreement with legal counsel;

    b) Plaintiffs expressly represent and warrant that they each are in full command of their physical and mental faculties, that they are not under the influence of alcohol or any drug or other mind-altering substance, and that except for the terms of this Settlement Agreement and Release they have not been offered any inducement and are not under any duress to execute this Agreement.

    c) This Agreement is written in a manner calculated to be understood by Plaintiffs and Plaintiffs have read and fully understand the terms of this Agreement;

    d) Plaintiffs each expressly warrant and represent that payment of the above mentioned sum, in amounts as dictated and approved by a court of law, is in full and final compromise, release, settlement and full satisfaction of all the aforesaid actions, claims and demands whatsoever;

    e) Plaintiffs each expressly warrant and represent that they were and are fully informed of the contents of this document, and that they each are signing this Agreement with full knowledge of its meaning.

    f) Plaintiffs execution of this Agreement is knowing and voluntary, made without coercion or distress, without relying on any representation by any other person in making the decision to execute this Agreement, and that they has had a reasonable time to consider the Agreement; and

    g) Plaintiffs intends to be legally bound by this Agreement.

11. **Authority to Execute.** Plaintiffs, Roxanne King and Brian King, on behalf of S.K., a minor, each acknowledge that they serve as the parent and legal guardian of S.K., a Minor, and that they, individually or jointly, and no other persons, may lawfully enter into this Agreement on S.K.'s behalf and to resolve the alleged claims. The Parties represent and warrant that no person other than the signatories hereto had or has any financial interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

12. **Governing Law and Attorneys' Fees.** This Agreement shall be subject to and interpreted under the laws of the State of Florida. The Parties further agree that venue for any legal action regarding this Agreement shall lie solely in Circuit Court in Orange County, Florida. In the event that any party commences an action for damages, injunctive relief, or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of their reasonable attorneys' fees and all costs from the nonprevailing party, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

13. **Severability.** If any provision of this Agreement is determined to be invalid, illegal, or unenforceable in any respect, such provision shall be enforced to the maximum extent possible

given the intent of the Parties as expressed in this Agreement. If such clause or provision cannot be so enforced, such provision shall be stricken from this Agreement, and the remainder of this Agreement shall be enforced as if such invalid, illegal, or unenforceable clause or provision had, to the extent not enforceable, never been contained in this Agreement.

14. **Neutral Interpretation.** Any controversy over the construction of this Agreement shall be decided neutrally and without regard to events of authorship or negotiation.

15. **Final Settlement.** This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by authorized representative of the Parties.

16. **Complete Agreement.** The Parties acknowledge that in deciding to execute this Agreement and then in executing this Agreement, they have not relied upon any agreement, statement or representation that is not specifically set forth herein, that this Agreement contains the entire agreement between the Parties hereto regarding the resolution of the claims addressed herein, and that the terms of the Agreement are contractual and not mere recitals.

17. **Counterparts.** This Agreement may be executed in multiple counterparts or copies, each of which shall constitute an original, and all of which shall constitute one single Settlement Agreement and Release.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF,** the undersigned hereby sets her hand and seal this \_\_10th\_\_ day of February, 2022.

_____
Roxanne King, on behalf of S.K., a minor and
Roxanne King, individually

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of ✓ physical presence or ___ online notarization, by Roxanne King who is personally known to me or who produced _____ as identification, this 10th day of February, 2022.

DEBORAH J MINERVA
Commission # GG 228676
Expires August 6, 2022
Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC
My Commission Expires:_____

**IN WITNESS WHEREOF,** the undersigned hereby sets his hand and seal this \_\_10th\_\_ day of February, 2022.

_____
Brian King on behalf of S.K., a minor and
Brian King, individually

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of ✓ physical presence or ___ online notarization, by Brian King who is personally known to me or who produced _____ as identification, this 10th day of February, 2022.

DEBORAH J MINERVA
Commission # GG 228676
Expires August 6, 2022
Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC
My Commission Expires:_____

**IN WITNESS WHEREOF,** the undersigned hereby sets his or her hand and seal this _____ day of February, 2022.

_____
(Signature)
For The School Board of Orange County

_____
(Printed Name)

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of \_\_\_ physical presence or \_\_\_ online notarization, by _____ who is personally known to me or who produced _____ as identification, this \_\_\_\_\_ day of February, 2022.

_____
NOTARY PUBLIC
My Commission Expires:_____

**IN WITNESS WHEREOF,** the undersigned hereby sets his or her hand and seal this _____ day of February, 2022.

_____
(Signature)
For John W. Mina, in his official capacity as the Sheriff of Orange County, Florida

_____
(Printed Name)

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of ___ physical presence or ___ online notarization, by _____ who is personally known to me or who produced _____ as identification, this _____ day of February, 2022.

_____
NOTARY PUBLIC
My Commission Expires:_____

**IN WITNESS WHEREOF,** the undersigned hereby sets his or her hand and seal this _____ day of February, 2022.

_____
(Signature)
Robert Cline, individually

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was sworn to and signed before me by means of ___ physical presence or ___ online notarization, by Robert Cline who is personally known to me or who produced _____ as identification, this _____ day of February, 2022.

_____
NOTARY PUBLIC
My Commission Expires:_____